**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DONALD HILL,

    Petitioner,

v.                                         CASE NO: 8:11-CV-1583-T-30AEP

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.
_____/

**ORDER**

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1). The Court has considered the petition, Respondents' response (Dkt. #6) and Hill's reply (Dkt. #8). Upon review, the Court concludes the petition should be denied.

**FACTUAL BACKGROUND**

Hill's version of the facts of this case are taken from his post-conviction motion. (Dkt. #7, Exh. 2). On November 3, 2009, at approximately 6:40 p.m., he was a visitor at 2230 Fifth Street South in St. Peterburg, Florida. He describes himself as a transient from Miami, Florida, who came to St. Petersburg looking for a job. Hill asserts that he did not live at the house, nor did he own it, rent it, or receive mail there.

The St. Petersburg police burst in through the front door and into the bedroom where he was located. He claims the police went into his pockets without a pat down, and handcuffed and interrogated him.

## **PROCEDURAL BACKGROUND**

Hill was charged with one count of possession of cocaine found in his pocket. On June 17, 2010, Hill entered a plea of guilty as charged and, on the same day, was sentenced to forty months in prison. He did not file a direct appeal.

On August 19, 2010, Hill filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in which he raised three claims:

(1) His search was illegal because there was no search warrant or arrest warrant.

(2) His counsel was ineffective for failing to file a motion to suppress the evidence because of the lack of a search warrant.

(3) His conviction and sentence are illegal because the initial search and seizure were illegal.

The state post-conviction court denied Hill's 3.850 motion finding that grounds one and three were not cognizable and ground two failed on the merits. As to ground two, the state post-conviction court said:

> The Defendant merely speculates that there was no valid search warrant and speculation cannot form the basis for postconviction relief. *See Johnson v. State*, 921 So. 2d 490, 503-04 (Fla. 2005); *Solorzano v. State*, 25 So. 3d 19, 23 (Fla. 2d DCA 2009); *see also Bass v. State*, 932 So. 2d 1170, 1172 (Fla. 2d DCA 2006)("[P]ure speculation cannot be a basis for postconviction relief."). The Clerk's response to the Defendant, attached to his motion, correctly indicates that search warrants do not typically reside in the Court's file, but instead reside with the arresting agency, in this case the Saint Petersburg, Florida, Police Department. The Defendant was advised by the Clerk to seek a copy of the search warrant from the arresting agency. Likewise, the Clerk

advised that the State Attorney's Office maintains the discovery in the Defendant's case, which does not reside in the Court's file, and is available from the State through a public records request. The Defendant does not allege that he requested a copy of the search warrant from the arresting agency or of the discovery material from the State Attorney's Office.

The arrest affidavit specifically indicates that the Defendant was arrested pursuant to a search warrant. (*See Exhibit B: Arrest Affidavit/Complaint*). And the State provided the Defendant's counsel with a copy of discovery which included "documents relating to search or seizure." (*See Exhibit C: Answer to Demand for Discovery*). A copy of the search warrant was likely provided to counsel through discovery. Because the Defendant merely speculates that a search warrant did not exist, he fails to establish either deficient performance or prejudice and this claim is denied.

Order denying Defendant's motion for post-conviction relief, Petition (Dkt. #1), Exh. B.

The state appellate court affirmed with a *per curiam* opinion entered on July 6, 2011. Petition (Dkt. #1), p. 30.

Hill timely filed the instant petition for writ of habeas corpus with this Court on July 15, 2011, raising the following four grounds:

**Ground one:** On November 3, 2009 the Petitioner was a visitor at 2230 5th Street South, Saint Petersburg, Florida. The Petitioner asserts that the St. Petersburg Police Department narcotics Unit led by Detective Karen Lofton Burst into the mentioned residence and arrested the Petitioner without a search warrant or an arrest warrant.

**Ground two:** The Petitioner asserts that his counsel Steven Feger was ineffective for not suppressing the evidence and having the case thrown out of court. Because by the discovery and the court record there was never a search warrant for the residence nor arrest warrant for the petitioner's case.

**Ground three:** The 3 years 4 months that the Petitioner pled out to is illegal because there was no search warrant nor arrest warrant.

**Ground four:** The trial court did not attach the record i.e. the search warrant or arrest warrant in accordance with Fla. R. Crim. Proc. 3.850 to refute his claim.

## DISCUSSION

Ground four is a new claim raised for the first time with this Court on habeas review. It is therefore unexhausted. *Mauk v. Lanier*, 484 F.3d 1352 (11th Cir. 2007). And ground four is not a federal constitutional claim. That is, it is couched in terms of a violation of a state procedural rule, not the U. S. Constitution. Since it is not a constitutional claim, it is not cognizable on federal habeas review. *Davis v. Jones*, 506 F.3d 1325 (11th Cir. 2007). For the foregoing reasons, this claim must be dismissed.

Grounds one and three suffer a similar deficiency. These claims should have been raised on direct appeal to be addressed in the first instance by the state higher court. A petitioner must exhaust all state court remedies that are available for challenging his conviction before bringing a habeas petition in federal court. *Mauk v. Lanier*, 484 F.3d at 1357 (11th Cir. 2007).

Grounds one and three are also foreclosed by Hill's guilty plea. His claim that his Fourth Amendment rights were violated at the time of his arrest and that his sentence is illegal because of the improper search were waived when Hill entered his guilty plea. A voluntary and intelligent guilty plea forecloses federal habeas review of constitutional error that allegedly occurred prior to the entry of the plea unless they infect the knowing and voluntary nature of the plea. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). As the Supreme Court in *Tollett* explained:

> A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Id.* at 267.

In ground two, Hill claims that his trial counsel was ineffective for failing to file a motion to suppress the evidence because of the lack of a search warrant. This asserted failure on the part of trial counsel should have occurred earlier in the case, prior to Hill pleading guilty. But Hill's guilty plea waived any claim of ineffective assistance of counsel that occurred prior to the entry of the guilty plea unless counsel's faulty advice coerced the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

Even had Hill not waived his ineffective assistance of counsel claim, it would have still failed on the merits. The law regarding an ineffective assistance of counsel claim is well settled. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052. *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

Hill cannot show deficient performance on the part of his counsel for several reasons. First, Hill has not established that he would even have standing to contest a warrantless

search of a house in which he had no possessory interest. As the Seventh Circuit explained in *United States v. Herrera*, 54 F.3d 348, 355 (7th Cir. 1995):

> The magistrate judge also correctly rejected Crespo's claim that he had a fourth amendment right to privacy in Moctezuma's apartment, on the grounds that he lacked standing to assert such a reasonable expectation of privacy in an apartment in which he had no ownership interest. *See United States v. Duprey*, 895 F.2d 303, 309 (7th Cir. 1989), *cert. denied*, 495 U.S. 906, 110 S.Ct. 1927, 109 L.Ed.2d 291 (1990) (no standing absent possessory or ownership interest in car). Additionally, for the same reasons stated with respect to Defendant Luis Velazquez' claim, the DEA agents had probable cause to arrest and search Defendant Crespo, who was in the apartment at the time the deal was to take place. Therefore, it cannot be said that the evidence seized from his person was the fruit of an illegal search.

Second, Hill has not demonstrated factually that no search warrant existed. The state post-conviction court pointed out that the arrest affidavit made reference to Hill being arrested as a result of the execution of a search warrant, and that Hill's counsel was provided with documents in discovery relating to the "search or seizure." Further, Hill himself has attached to his petition a copy of a letter from the St. Petersburg Police Department stating that a valid search warrant was obtained from a judge of the Sixth Judicial Circuit after the establishment of probable cause and sworn testimony by detectives. Petition (Dkt. #1), Exh. A, p. 21.

Third, Hill has not demonstrated that the decision of the state post-conviction court on this claim was an unreasonable application of federal law. That is his burden to carry and he has not done so.

For all the foregoing reasons, Hill's petition is due to be denied.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on February 15, 2012.

                                                                      /s/ James S. Moody, Jr.
                                                                      JAMES S. MOODY, JR.
                                                                      UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2011\11-cv-1583.deny 2254.wpd*